[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 18, 1991 Date of Application January 18, 1991 Date Application Filed January 18, 1991 Date of Decision February 27, 1996 CT Page 2036
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR 6-280146; CR 6-307106.
James A. Shanley, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
After a trial by jury, the petitioner was convicted of the following crimes and was sentenced as follows:
1. § 53a-92 (a)(2)(A) Kidnaping, 1st degree
2. § 53a-70 (a) Sexual Assault, 1st degree
3. § 53a-70; 53a-49 (a)(d) Attempted Sexual Assault, 1st degree
4. § 53-21 Risk of Injury to a Minor
5. § 53a-172 (a) Failure to Appear, 1st degree
Sentences Imposed: (In the order listed above)
1. 25 years
2. 20 years consecutive to Count 1
3. 20 years concurrent to Count 2
4. 5 years consecutive to Counts 1 and 2 CT Page 2037
5. 3 years consecutive to Counts 1, 2 and 4.
The total effective sentence imposed was 53 years.
On October 24, 1987, at approximately 3 a.m., the petitioner drove up to the fourteen year old victim, who was walking on a street in New Haven with her female friend. He offered them a ride. They accepted and sat in the front seat of his car, with the victim seated next to the petitioner.
After starting to drive toward downtown New Haven, the petitioner told the two girls that, because his car was not registered, he would have to drive on back roads so as not to be seen by the police. Thereafter he stopped the car and told the girls to leave the car because he was going to take the highway. As one girl left the car, the petitioner put his arm around the victim's neck, preventing her from leaving the car and drove away onto a highway at a high rate of speed. When the victim began to scream, he told her to stop or he would cut off her head. During the drive, the victim was crying and asked the petitioner why he was doing this to her. He said it would teach her a lesson not to be out so late. He put his hand inside her shirt and touched her chest. After leaving the highway, he took a sweatshirt from inside the car, wrapped it around the victim's head and pushed her down in the seat. Eventually he stopped the car and led the victim, the sweatshirt still wrapped around her head, out of the car into a residence. In a bedroom he ordered the victim to undress, undressed himself and tried to put his penis into her mouth, but she refused. He then penetrated her vagina with his penis, but could not maintain an erection. He then began to insert his fingers into her vagina. When she began to scream, he put a pillow over her head and told her to "shut up. " The victim heard a tearing sound in her vagina and felt herself begin to bleed. When he saw the blood, the petitioner told the victim to get dressed, put the sweatshirt back over her head and led her back to the car. After driving for approximately ten minutes, he pushed the victim out and drove away. She went to a gas station from where the police were called. She was taken by ambulance to a hospital where she underwent surgery for a laceration of the vagina which extended the full length of the vaginal canal. She was hospitalized for five days. (See State v. Cerelli, Conn. 556)
On April 18, 1988, he failed to appear in court, leading to the charge of failure to appear. Counsel for the petitioner asks the Division to consider ordering the sentence be modified by CT Page 2038 making the risk of injury and the failure to appear run concurrently with the other counts. He points out the petitioner's lack of criminal record and that the risk of injury is closely related to the other charges all arising from the same incident.
In his comments to the Division the petitioner professes his innocence.
The state's attorney argues that the petitioner was exposed to a maximum of 75 years, and given the nature of the offenses, the sentence imposed was not unfair. The Division agrees with the state.
The writer of the presentence report aptly called this an unspeakable crime of blind cruelty. The sentencing judge, a veteran criminal trial judge, commented that after almost eighteen years on the bench, he thought he had seen enough inhumanity to be perhaps hardened to it, but this case proved otherwise.
To deliberately inflict this degradation and torture on a fourteen year old girl is just about as heinous an act as most practitioners of criminal law have come across.
The Division reviews a sentence as to appropriateness and proportionality in accordance with P.B. § 942.
In this case the need for public protection from the menacing danger of this petitioner is of paramount concern. Applying the standards of § 942 of the Practice Book to this case, we find the sentence to be neither inappropriate nor disproportionate. It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.